FORDHAM, JUDGE:
Claimant brought this action for personal injuries which occurred when he came upon a tree in the road while traveling in his 1999 Chevrolet Z-71 truck eastbound on Route 83 near Raysal, McDowell County. Route 83 is a road maintained by respondent. The Court took a view of the scene of claimant’s accident after the hearing of this matter. The Court is of the opinion to deny the claim for the reasons more ftilly stated below.
The incident giving rise to this claim occurred at approximately 5:30 a.m. on October 25, 2001. Route 83 is a two-lane highway at the area of the incident involved in this claim. There had been a thunderstorm during that night with high winds. Robert Kelly Collins testified that as he was traveling to work that morning the roads were still wet, it was dark and he had the headlights on. Claimant stated that he had been traveling at between forty and forty-five miles-per-hour. He stated that as he traveled around a curve in the road, he noticed a tree that had fallen across both lanes of travel. Claimant testified that the tree did appear to be alive as it had leaves on it. Mr. Collins attempted to miss the largest part of the tree by steering his vehicle to the left. His vehicle struck the tree, however, and then struck a guardrail that was on his left side of Route 83. As a result of the accident, emergency crews had to use the jaws-of-life to remove Mr. Collins from his truck. Claimant was life flighted to Charleston Area Medical Center with neck, back, and leg injuries. Mr. Collins stated that since the accident, his neck, left aim, elbow, back, legs and knees often bother him and that he became depressed. Claimant’s unpaid medical bills total approximately $11,500.00.
Roger Cox, a 911 dispatcher for McDowell County Emergency Services, testified on behalf of the claimant. Mr. Cox stated that at approximately 1:45 a.m. on the date of claimant’s incident, there were telephone calls made to the 911 center from throughout McDowell County about trees that were down on the roads. He stated that he had reports of trees down on Route 52, Route 80, Route 1, and Route 83. Mr. Cox then stated he then tried to contact Division of Highways employees about these trees, based on an emergency call-out list that was provided to McDowell County Emergency Services by respondent. He stated that he and the other dispatchers tried to call Ronnie Gullet, Paul Gullet, and Arlie Matney several times and could not reach any of them. Mr. Cox testified that at 2:27 a.m. he made a telephone call to Gose Yates, a Supervisor for respondent in McDowell County. He stated that Mr. Yates told him to keep trying the other Division of Highways employees on the emergency call-out list about the trees that were in the roads. Mr. Cox testified that he then tried to contact the other employees on the emergency call-out list, but was unable to reach them. At 5:40 a.m., Mr. Cox stated that they received a telephone call regarding claimant’s accident and that he dispatched an ambulance, the fire department, and the West Virginia State Police to the scene. Mr. Cox further stated that as of 5:40 a.m., there had been no contact with any employees of the Division of Highways oilier than with Gose Yates.
Trooper G.D. Williams of the West Virginia State Police testified that he investigated claimant’s accident. He stated that he was first notified of the accident at approximately 6:00 a.m. Trooper Williams testified that when he arrived at the scene, *138 the road surface was still wet. He stated that the guardrail that claimant’s vehicle struck had gone through the motor, through the fire wall, and into the seat of the vehicle. Trooper Williams testified that it was his opinion that claimant was driving too fast for the roadway conditions at the time of the incident due to the fact that the road was wet.
Clifford Kendrick, Assistant Chief of the Raysal Volunteer Fire Department, and Randall Mutter, a member of the Raysal Volunteer Fire Department, testified that they responded to the scene of claimant’s incident. Mr. Mutter testified that the tree had leaves on it and that it appeared to be a healthy tree. Mr. Kendrick testified that the tree that claimant’s vehicle struck was a live tree with a trunk that was between twelve and fourteen inches in diameter.
Lance Robson, a civil engineer practicing in the areas of highway engineering and crash reconstruction, testified on behalf of the claimant. Mr. Robson testified that a tree in a road is a hazard and that in his opinion the respondent had more than adequate time to respond to the downed tree based upon when the McDowell County 911 center contacted Gose Yates. Mr. Robson also testified that the weather on the night of claimant’s incident had been severe enough to cause numerous tree falls on several roads throughout McDowell County.
Robert Williams, a vocational consultant, testified on behalf of the claimant. Mr. Williams stated that Mr. Collins has lower back, mid-back, knees, neck, and shoulder pain. He testified that claimant’s primary employment history indicated he was involved in the coal industry primarily as a heavy equipment operator, and that due to his injuries he could not work in the future as such.
Dan Selby, an economist, testified on behalf of the claimant. Mr. Selby testified that due to the injuries suffered by Mr. Collins, he has in essence a work disability. He stated that in his opinion Mr. Collins has a lost earning capacity of $647,540.00. He also stated that the claimant lost approximately nineteen hours of household services per week due to his injuries, and that these services have an approximate value of $218,960.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 83 at the site of the claimant’s accident for the date in question.
Gose Yates, Crew Leader for respondent in McDowell County, testified that the emergency call-out list was used in case a Division of Highways employee had to be contacted to deal with a situation in a part of the county. He stated that there were several different substations where Division of Highways employees were throughout the county. Mr. Yates stated that the Raysal substation, which was close to the scene of claimant’s incident, was not a manned substation and it was only used as a storage facility. Mr. Yates stated that the normal procedure when he received a telephone call from 911 dispatchers about a tree in a road would be to respond as quickly as possible putting out markers to warn the traveling public while getting equipment and men together to remove the hazard from the road. Mr. Yates testified that on the date of claimant’s incident he had been on annual leave from respondent. He further stated that he did not recall receiving a telephone call from the 911 dispatch center on the night of claimant’s incident. Mr. Yates testified that if he had received a telephone call from the 911 dispatch center while on annual leave, he would have called other Division of Highways employees to respond to fire situation. Arlie Matney, Crew Chief for respondent in McDowell County, testified that he first found out about trees in the road on the date of claimant’s incident between 7:15 a.m. and 7:30 a.m. He stated that he gathered equipment to remove the trees from the road, but that when *139 he arrived on the scene at approximately 8:00 a.m. the tree had already been removed from the road. Mr. Matney testified that there was another tree down on Route 83 that was removed from the road later that morning, tie further stated that he did not recall getting a telephone call during the night on October 25, 2001, nor did he recall the telephone ringing at all.
Kent Jenkins, the acting County Supervisor for respondent in Mercer County, McDowell County and 1-77 at the time of claimant’s incident, testified that he was first contacted by the 911 call center regarding trees in the road between 6:00 a.m. and 6:30 a.m. while he was traveling to work. Mr. Jenkins stated that he told the 911 dispatcher that he would contact Division of Highways’ employees as soon as he got to a ground line and that they would respond to the situation. He further stated that there were several trees reported to be down in the roads. Mr. Jenkins stated that on the morning of claimant’s accident that there had been two employees out on an emergency request at three different locations. He testified that these employees had been contacted by the 911 call center at 1:30 a.m. about trees down in the road on Route 52 and Route 80. These employees also checked out Route 3 and Route 1 for other debris and removed trees from Route 52, Route'A, and Route 1/11. The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). The general rule of this Court with regard to tree fall claims is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when an apparently healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles vs. Division of Highways, 22 Ct. Cl. 170 (1998); Gerritsen vs. Dept. of Highways, 16 Ct. Cl. 85 (1986).
In the instant case, the Court is of the opinion that respondent had no notice that the tree at issue posed an apparent risk to the public. The evidence adduced at the hearing established that the free appeared to be a healthy tree. Neither claimant nor respondent had reason to believe that the tree was in danger of falling. Further, there was evidence that crews for respondent were out in other parts of McDowell County removing trees from the roadways. While there was evidence that there were trees down throughout parts of the county and that respondent was aware of some of these trees, the Court finds that there was no evidence presented that respondent had actual or constructive notice of the tree that claimant’s vehicle struck on Route 83. The Court is sympathetic with the position of claimant who came upon an emergency situation, tried to avoid a collision with the tree, but he was unable to avoid the tree which his vehicle struck. However, since the Court finds no negligence on the part of the respondent for this tree being in the road, there may be no recovery by the claimant.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.